**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 14, 2008[*]

Decided May 22, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 07-3192 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| EDDIE GENE EVANS, *Petitioner-Appellant*, | |
| *v.* | No. 07-C-351 |
| MICHAEL THURMER, *et al.*, *Respondents-Appellees*. | Lynn Adelman, *Judge*. |

**Order**

In 1985 Eddie Gene Evans was convicted in a Louisiana state court of armed robbery and aggravated battery. Sentenced to 35 years' imprisonment, Evans served only 18 before his release on parole in 2003. He moved to Wisconsin and soon was in trouble with the law again. He was charged with disorderly conduct, and when Louisiana learned this it asked Wisconsin to detain Evans pending a hearing on whether his parole should be revoked. After a hearing, Wisconsin concluded that there is probable cause to believe that Evans has violated the terms of his parole. But before he could be returned to Louisiana, he was indicted for armed robbery in Wisconsin. He pleaded no contest to this charge in 2004 and is serving a seven-year term. Louisiana has lodged a detainer so that he will be sent there when this imprisonment ends.

Midway through his imprisonment in Wisconsin, Evans filed this action under 28 U.S.C. §2254, asking the federal court to direct Wisconsin not to honor the detainer. Evans's theory is that the hearing held in 2003 was inadequate under *Morrissey v. Brewer*, 408 U.S. 471 (1972), which sets out the constitutional requirements for parole-revocation hearings. The district court dismissed the petition as unripe, ruling that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Evans must wait until the detainer is executed. Evans has appealed. Although the dismissal nominally is without prejudice, Evans cannot amend his pleadings and resume the litigation. Nothing he can do will avoid the district court's ruling. So the decision is "final" in a practical sense and appeal is proper. See *Buckley v. Valeo*, 424 U.S. 1, 113–18 (1976) (permitting an immediate appeal from a decision dismissing a suit as unripe).

Evans might be complaining about two things. One is the time spent in custody during 2003 and 2004, after Louisiana asked for his apprehension and before he was sentenced for the new armed-robbery conviction. The other is the looming prospect of return to Louisiana at the end of the Wisconsin sentence.

The first of these is moot (and had been for three years before Evans filed his petition), because Wisconsin has given Evans full credit for this time against his seven-year sentence. Detention on the parole-violation charge has not extended the length of Evans's custody in Wisconsin. It is therefore unnecessary to decide whether Wisconsin should have followed the procedures of *Morrissey* (which governs final revocation hearings) or the less elaborate procedures for a preliminary detention hearing.

The second objection is not moot, but it isn't meritorious either. Wisconsin must deliver Evans to Louisiana under Article IV, §2, cl. 2 of the Constitution, which requires each state to return persons wanted for trial in another state. The Constitution requires the demanding state to provide a trial (or, in the case of parole, a hearing), just as if the person had been arrested there originally; the rendering state need not and can not duplicate this process before turning the person over. See *New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151 (1998).

Perhaps the circumstances counsel against labeling Evans a "fugitive" for the purpose of Article IV, §2, cl. 2, but then he is covered by the Interstate Compact for Adult Offender Supervision, which likewise commits the trial or hearing to the state that proposes to prosecute rather than the state where the offender is located. Section 3 of the Compact provides: "[D]uly accredited officers of a sending state may at all times enter a receiving state, and there apprehend and retake any person on probation or parole. For that purpose, no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state … ." Wisconsin is a party to the Compact. See Wis. Stat. §304.16.

The district court saw a third possibility: Perhaps officials of Louisiana must travel to Wisconsin and provide Evans a speedy revocation hearing while he is imprisoned there. But that possibility is scotched by *Moody v. Daggett*, 429 U.S. 78 (1976), as the district court recognized. *Moody* holds that a parole-revocation hearing may be deferred until after an intervening term of imprisonment has expired. Anyway, Evans did not name any official of Louisiana as a respondent, and a district court in Wisconsin would not have personal jurisdiction over the responsible officials in Louisiana.

Evans calls his 2003 release on parole in Louisiana illegal; he believes that he should have continued to serve his sentence there. Whatever sort of claim this might represent against Louisiana (perhaps Evans believes that, if he is returned to prison in Louisiana, he should receive credit for time served in Wisconsin), it provides no basis for relief against Wisconsin, whose custody of Evans is supported by a valid conviction.

AFFIRMED